# United States District Court
## for the
## District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

RECEIVED SEP 27 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

| | |
|---|---|
| Name of Offender: Benjamin Isaac Skinner | Case Number: 4:02-CR-008-01 (RRB) |
| Sentencing Judicial Officer: | Ralph R. Beistline, U.S. District Court Judge |
| Date of Original Sentence: | November 27, 2002 |
| Original Offense: | Theft of Firearms in violation of 18 U.S.C. § 924(l)<br>Felon in Possession of Firearms in violation of 18 U.S. C. § 922(g) |
| Original Sentence: | 68 months imprisonment, three years supervised release with mandatory, standard and special conditions, $200 special assessment and $5,720 restitution |
| Date Supervision Commenced: | July 18, 2007 |
| Asst. U.S. Attorney: Stephen Cooper | Defense Attorney: Court appointed counsel |

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision " The defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter, not to exceed 12 tests per month, at the direction of the probation officer", in that, on August 31st, September 14th, 19th, and 21st, 2007, the defendant failed to comply with drug testing as directed. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about September 1 and 24, 2007, the defendant changed residences without notifying the probation officer. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on or about September 1, 2007, at or near Fairbanks, Alaska, the defendant quit his employment with Subway, and failed to notify the probation officer at least 10 days prior to the change. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 3 in that, "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer", in that on August 19, 2007, this officer left the defendant a voice mail message on the defendant's listed phone number, directing the defendant to contact this officer "as soon as possible". This officer has not received a phone call from the defendant to date and the defendant's whereabouts are unknown at this time. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "The defendant shall comply with mental health treatment as ordered by the Court," in that on or about September 20, 2007, the defendant was to obtain a mental health evaluation from a mental health provider. The defendant failed to obtain the mental health evaluation as directed. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X] Revoked
[ ] Extended for _____ year(s), for a total term of _____ years.

Respectfully submitted,

REDACTED SIGNATURE
для Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: September 25, 2007

Approved by:

**REDACTED SIGNATURE**
Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Benjamin Isaac Skinner*
*4:02-CR-008-01 (RRB)*

THE COURT ORDERS

[ ✓ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

_____
Ralph R. Beistline
U.S. District Court Judge

9/26/07
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>) | Case Number: 4:02-CR-008-01 (RRB) |
| vs.  ) | DECLARATION IN SUPPORT OF PETITION |
| BENJAMIN ISAAC SKINNER  ) | |

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Benjamin Isaac Skinner, and in that capacity declare as follows:

On November 27, 2002, the defendant was sentenced by the Honorable Ralph R. Beistline, U.S. District Court Judge, for the convictions of Theft of Firearms in violation of 18 U.S.C. § 924(l) and Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g). The defendant was sentenced to a total term of 68 months imprisonment, to be followed by a three year term of supervised release.

On July 18, 2007, the defendant was released from the custody of the Federal Bureau of Prisons, at which time conditions of supervised release were read and explained to the defendant by this officer. The defendant was placed on urinalysis monitoring and agreed to sign a modification to submit to drug testing not to exceed 12 tests per month, at the direction of the probation officer, which was approved and ordered by the Court on July 26, 2007. The defendant submits urinalysis specimens at a rate of four times per month. Additionally, the defendant was directed to contact the contracted mental health provider, and schedule a mental health evaluation and obtain the evaluation to see if further treatment was recommended.

On August 31, 2007, between the hours of 8:30 a.m. and 2:00 p.m., the defendant failed to report as directed for a random urinalysis. Later, the same evening at approximately 10:00 p.m., the defendant as a shift supervisor at the Subway sandwich restaurant, was witness to an armed robbery, in which it was reported to Fairbanks Police Department that between $200 to $400 was taken in the robbery. The day before, another Subway eatery in town was robbed at gunpoint.

The defendant has also failed to comply with drug testing on September 14, 19, and 21, 2007.

Following the days after the robbery that the defendant witnessed, Fairbanks Police Department (FPD) attempted to locate the defendant at this listed residence. This officer was advised by Fairbanks Police Department that the defendant was no longer living at his listed residence of 1230 Airport Way, Apt. 4E#4, Fairbanks. The defendant left this officer a message on September 12, 2007, that he had moved to Apt. #53 Washington Drive. In the background of the message, this officer could hear a female's voice, but the defendant mentioned breaking up with his previous girlfriend and not mentioning moving in with anyone else.

In finishing up their investigations with witnesses to the robbery, Investigators of FPD were advised that the defendant quit his job following the robbery on September 1, 2007. This has been confirmed with management of Subway that the defendant's last day of employment was on August 31, 2007. The defendant left this officer a message on September 12, 2007, which stated "that the defendant had quit his job, couldn't go back to work, and that he got real freaked out and that he is going to try and get back on disability."

On September 19, 2007, this officer left a voice mail message for the defendant instructing the defendant to contact this officer "As soon as possible", at his listed contact number. This officer has not received a call back from the defendant.

On September 20, 2007, the defendant had a mental health evaluation scheduled with Dr. Jil Bottrell, PhD. The defendant failed to report for the mental health evaluation as instructed.

The address that the defendant left for this officer in the voice mail message, belongs to a female. According to the landlord of 1620 Washington Drive, the lease does not allow for the defendant to live in apt., #53 and if the defendant was found to be living there, it would be in violation of the lease, and the female could be evicted with her two children.

The exact whereabouts of the defendant are unknown at this time.

Executed this 24th day of September, 2007, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
Toni M. Ostanik
U.S. Probation Officer