M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Assistant Federal Defender

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>BENJAMIN ISAAC SKINNER,<br><br>                    Defendant. | Case No. 4:02-cr-0008-RRB<br><br>**DEFENDANT'S<br>DISPOSITION MEMORANDUM** |

Defendant, Benjamin Isaac Skinner, by and through M. J. Haden, Assistant Federal Defender, Assistant Federal Defender, submits the following memorandum to aid the court at the disposition hearing scheduled for August 28, 2008.

Mr. Skinner has admitted to the single allegation contained in the supplemental petition filed on April 21, 2008.  Violation Number 6 of the supplemental petition charges that Mr. Skinner violated the conditions of his supervision by committing another offense, to wit:  that he was convicted in state court on April 14, 2008, of Robbery 1°.  This violation is a Grade A violation.  Under U.S.S.G. 7B1.4, Mr. Skinner faces an advisory guideline range of 24-30 months.

Mr. Skinner was originally convicted by this court on November 27, 2002, of Theft of Firearms in violation of 18 U.S.C. § 924(l) and Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g), both Class C felonies. This court sentenced him to 68 months of imprisonment, followed by three years of supervision.

I.      Statutory Cap Allows for Two Years With No Supervision to Follow

Title 18 U.S.C. § 3559 classifies each offense based on the statutory maximum sentence that can be imposed for each underlying offense and, in most instances, § 3583(b) mandates the maximum terms of available supervised release. Limits on the maximum term of imprisonment that may be imposed upon revocation of supervised release are found in 18 U.S.C. § 3583(e). The maximum term of imprisonment that may be imposed for a Class C felony is 2 years. The current version of § 3583(e)(3), which was amended in 2003 under the PROTECT Act, reads that defendant "may not be required to serve *on any such revocation* . . . more than 2 years of prison if [the original] offense is a class C or D felony . . ." (emphasis added). Courts have interpreted this version of the statute to apply the statutory caps to each individual revocation. See, e.g., Tapia-Escalera, 356 F.3d at 185-86, 188 (PROTECT Act amendment supports position that statutory cap "applies afresh" to each revocation sentence). However, Mr. Skinner was sentence before the passage of the PROTECT Act and is thus is subject to 18 U.S.C. § 3583(e)(3) as it appeared at the time of his sentencing. Johnson v. United States, 529 U.S. 694, 701-02 (2000) (sanctions imposed upon revocation of supervised release are part of the penalty for the initial offense, and thus to sentence defendant under a statute enacted subsequent to the original offense is prohibited under the Ex Pose Facto Clause).

Prior to the amended version of the statue, §3583(e)(3) simply stated the following:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . except that a defendant whose term of supervised release is revoked under this paragraph may not be required to serve more than . . . 2 years in prison if such offense is a class C or D felony. . . .

Before the PROTECT Act, the statutory maximum sentences under 18 U.S.C. § 3583(e) represented the entire statutory maximum sentence of imprisonment available upon revocation. See 137 Cong. Rec. S7772 (daily ed. June 13, 2001); United States v. Tapia-Escalera, 356 F.3d 181 (1st Cir. 2004) (three year cap for Class B felony was required to be reduced by 10 month sentence which defendant served following prior revocation for same offense); United States v. Williams, 425 F.3d 987 (11th Cir. 2005) (statutory maximums apply to the aggregate of the sentences imposed on multiple revocation of supervised release). That is, terms of imprisonment noted in § 3583(e)(3) which are directly related to the classification of the defendant's original offense of conviction, represent the "cap for maximum re-imprisonment" that can be imposed upon revocation; therefore, any and all "revocation sentences" must be added together or "aggregated" to meet the statutory maximum sentence of imprisonment. Williams at 988-89.

Thus, in the case at hand, should the court impose the statutory cap of two years, there can be no supervision to follow because under the older version of § 3583(e)(3), two years is maximum aggregated sentence allowed by law.

II.  Mr. Skinner Asks that His Federal Sentence Run Concurrent with His State Sentence.

Mr. Skinner is currently serving a 7 year state sentence for armed robbery. The armed robbery charge is the basis for the federal supervised release revocation. Mr. Skinner has been in state custody since October 25, 2007.

Section 5G1.3 of the Sentencing Guidelines addresses the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. Subsection (b) states in relevant part that if the

> undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment

The guideline also states:

> In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

5G1.3(c).

Despite the mandatory tenor of Application Note 6, which directs that the court should impose the sentence for the instant offense to run consecutively to any term of imprisonment imposed for the violation of parole, the Ninth Circuit has held that the sentencing court retains discretion to impose a consecutive or concurrent sentence. United States v. Arellano-Torres 303 F.3d 1173 (9th Cir. 2002); also see 18 U.S.C. § 3584.

As a result of the federal detainer in this case, Mr. Skinner is ineligible to participate in release plans, such as in-patient drug treatment placement, half-way house

release, and home confinement, offered to similarly situated state inmates. Thus, Mr. Skinner will end up serving all of his state sentence in the custody of a state prison facility. As a result of this harsher punishment, Mr. Skinner respectfully requests that this court run his federal sentence concurrent with his existing state sentence. This court has the authority to impose a concurrent sentence pursuant to 18 U.S.C. § 3584(a).

DATED this 26th day of August, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on August 26, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden